# CIRCUIT COURT OF BALTIMORE CITY.

Filed May 26, 1916.

BALTIMORE COOPERAGE COMPANY, ET AL.,

VS.

MAYOR AND CITY COUNCIL OF BALTIMORE.

*Julius H. Wyman* and *Jacob S. New* for complainant.

*S. S. Field* for defendant.

430

DAWKINS, J.—

The plaintiffs seek to enjoin the defendant from removing the brick pavement in front of the plaintiffs' premises on Ostend street and other streets surrounding their manufacturing plant and from instituting any criminal proceedings for failure to comply with notices given to repair sidewalks in front of said premises with cement and from laying any lien or tax against the plaintiffs' property. The defendants claim the right to lay said pavement in accordance with such notice under a certain ordinance of the Mayor and City Council, approved June 26, 1915, which said ordinance repeals and amends Sections 22 and 28 of the Baltimore City Code of 1906 as amended by Ordinance 102 of May 10, 1912. The plaintiffs contend that the enforcement of said ordinance would be a great hardship upon them, and that the ordinance is arbitrary, unfair and void, especially in that the said ordinance assumes to delegate to one of the defendants, to wit, the City Engineer, a broad, unjust, oppressive, unreasonable, elective and discretionary power which the Mayor and City Council have no power to delegate under the provisions of the City Charter. The plaintiffs further claim that the present brick pavement is much better than a cement pavement (as indicated by the notice of the Engineer should be laid) would be, so that to take up the present pavement would be a confiscation of property without warrant or authority and without compensation. The plaintiffs also claim that the present pavement was laid about eighteen months before the bill was filed in compliance with notices then sent by the defendants and is in good condition.

The defendants deny the essential allegations of the bill, especially as to the plaintiffs' interpretation of the ordinance in question, contenting themselves with the allegation that a new cement footway is a necessary improvement and is properly required by law and under the law it can be required to be laid.

The ordinance in question provides that "if the proprietor * * * of any lot * * * fronting on any paved street * * * shall neglect or refuse to fill up * * * pave or repair the footways * * * for the space of ten days after service of a printed or written order * * * then the City Engineer is authorized and directed to have the said footways filled up, dug down, paved or repaired with cement stone, or brick, in the discretion of the City Engineer, in a sufficient and substantial manner, or repaired in such manner as the City Engineer shall think proper," and a tax is imposed, etc. And the City Engineer is further "authorized to direct and require by written or printed order the proprietor * * * to fill, up, dig down to the proper grade or to pave, repair or repave the footways * * * with a good and sufficient pavement of cement stone, or brick, to be selected and approved by the City Engineer, of such width from the curbstone as the City Engineer shall direct, not less than four feet and all the thoroughfares or business streets of the city shall be paved to the building line if thought requisite by the City Engineer," and in the event of failure to comply, a fine is imposed, etc.

A proper conclusion might be reached in this particular case, without passing upon the constitutionality of the ordinance, but as all the aspects of the matter involved have been exhaustively discussed at the hearing, it seems proper that this Court's view should be given, as there are so many cases that have been more or less waiting the result of this case.

At the presentation of the evidence the city officials refused to admit that it is the fixed policy of the city to cause the removal of brick pavements and the substitute therefor of cement, even though the pavements now down were in good condition.

There would seem to be but two questions to be determined:

1. Is the ordinance above cited constitutional and such a one as the Mayor and City Council have a right to pass and enforce through its agents by delegating the power which is possesses under its Charter?

2. If the above be answered in the affirmative, 'is the proposed enforcement as shown by the facts in this case a reasonable and proper exercise of the authority given?

Under the City Charter, Section 6, the Mayor and City Council are given very wide and broad powers of control, such as the size of bricks to be used in houses, to regulate party walls, to regulate the erection of steps, piers, etc., of

houses, to lay out, open, extend, widen, straighten, close streets, to provide by ordinance for change, to pave, curb, repair, recurb, etc., any street, lane or alley in the city, to regulate use of streets, sidewalks, etc., to pass all ordinances for grading, regulating paving and repairing streets. Whilst the legislature has given wide power of control, it has not given absolute power. 125 Md., Thrift vs. Laird.

It is a settled principle that public powers or trusts devolved by law or by charter on a council or governing body, can not be delegated to others. Leaving to the City Commissioners the determination of certain questions solely within the power of the Mayor and City Council was held to be wrong in the case of Baltimore vs. Scharf, 54 Md. 499, but the Court said in that case that the leaving to the City Commissioners the determination of the question where the curbing needs replacing was not a violation of the principle stated. To determine such a question by special ordinance would be impracticable.

In 92 Md. 535, Stewart vs. Baltimore, the ordinance under discussion was objected to because it delegated to the City Engineer a discretion as to whether the street should be paved with sheet asphalt or with vitrified bricks. The discretion given was to use either bricks or asphalt on certain parts of gutters or tracks. This discretion could not very well be lodged with any one except with the City Engineer, who was to do the work. It was held not to be an improper delegation of a legislative authority.

In 104 Md., Gahan case, at page 150, the Court says that the principle is a plain one that the public powers or trusts devolved by law or charter upon the council to be exercised by it when and in such manner as it shall judge best can not be delegated to others, but the ordinance in that case limits the materials to be adopted and that one of them should be used, giving the Board of Awards, a city official board, the right to designate which one was to be used. The Court held that such a use of a subordinate agency was not an improper delegation of authority.

This case criticises Stewart case, 92 Md. 551, as expressing an obiter and as upholding (page 153) an ordinance which left the kind of pavement to be laid to the opinion of the City Engineer.

The ordinance discussed in 123 Md., Wollman's case, at page 318, etc., which gives to the clerk of the markets power to fix rent of stalls, stands, etc., was objected to because the fixing of rent is claimed to be a legislative and not an administrative power and duty, and can not be lawfully delegated by the Mayor and City Council to the clerk of the markets. It was held to be an administrative and not a legislative function to delegate to a clerk of markets its ministerial agents as provided by the ordinance to fix the rents in question.

Applying the principles above stated, so far as applicable to the ordinance before us, can it be said that for the Mayor and City Council to authorize their Engineer to repave with one of three kinds of pavements is an improper delegation of authority? How else or through what other means could the city act? If the city has already provided for certain widths of pavements according to the exigencies of the locality affected, how could it be said that it was an improper delegation of authority to give the Engineer the right to say that streets should be paved four feet or less? It would not seem too broad, unreasonable, oppressive or as giving a too wide discretion. True, the City Engineer can only act by direct authority. The Engineer must be the one to construct grades. Surely it could never be permitted for every citizen to fix grade or street. I am persuaded, therefore, that the ordinance is a valid one.

Whilst reaching this conclusion, I am of the opinion that the courts have a right to review the manner of performance and the reasonableness of the action based upon the fact of any particular case.

In 92 Md. 535, Stewart (supra), the Court, quoting from 64 Md. 6, Altberger, says:

The discretion exercised by the City Council in regard to the propriety or necessity of the improvements provided for by ordinance, can not be controlled by the Courts. It is only when the power is exceeded or fraud is charged and shown to exist or when there has been a manifest invasion of private rights that the remedial and corrective

power of the Courts can be successfully invoked.

In 112 Maryland, Owners Realty case, the Court, in discussing the alleged reasonableness of an ordinance, says that the Court must judge in each case whether the exercise of the power be unreasonable and in doing so will not look closely into mere matters of judgment where there may be a reasonable difference of opinion. Every power will not be exercised with the highest discretion and when it is plainly granted, a clear case should be made to authorize any interference upon the ground of unreasonableness.

In 98 Md., Frostburg vs. Wineland 238, the Court decides that since the case of Altberger, 64 Md. 7, when the legislature confers power on a municipality to provide for paving, repaving, etc., the streets, the necessity for improvement cannot be controlled by the Courts, except where the power is exceeded or fraud is charged or shown to exist or where there has been a manifest invasion of private rights.

In New Windsor vs. Stocksdale, 95 Md. 217, etc.; King vs. Hammill, 97 Md. 103, and other cases cited in 98 Md., page 238, supra, the Court approves the doctrine that it is a doctrine not to be tolerated in this country that a municipal corporation can by mere declaration declare a thing to be true unless it be so in fact. If a municipality undertakes to destroy private property on the theory that a condition exists which does not exist, it then transcends its powers, and its acts are reviewable by a court of equity. If the city undertakes to do an act beyond its delegated power, those acts are within the corrective powers of a court of equity. The Court has jurisdiction to prevent or right a wrong.

This forces me to the conclusion that each case of this kind must rest largely upon its own facts. The evidence of free and personal inspection made by the Court in this case shows that the Leadenhall street pavement is in bad condition. The Race street pavement and a part of the Ostend street pavement I believe have been paved a width of four feet without a city permit in fact having been obtained. The Ostend street front has a fine pavement which has recently been laid under the authority of the city officials. There ap-

pears to be no defects in this latter pavement, save such defects as have been caused by the city or its agencies permitted by it to disturb the pavement. Whilst the city has a right to require the Leadenhall street pavement to be repaired or relaid as it has a right to require the portions of the pavement on the Race and Ostend streets sides to be laid for the full width (the fact of this portion of the property being used for lumber storage, it would seem, makes no difference, since the street has a smooth pavement and is used for traffic). I do not think it a reasonable, proper or lawful exercise of power or administration to require the owners to take up the brick pavement on Ostend street and replace it with cement. For the city to be allowed to do this under the circumstances would be manifestly unfair, unjust and oppressive and a taking of private property without warrant. 158 Ill. 653, Chicago case; 80 Penn State 505, Phila. case.

Surely a city should not be permitted to change its position when so recently assessed to the manifest loss and injury of the property owner.

A municipality cannot transcend its power, 98 Md. 238, Frostburg case.

Whilst the city is responsible for defects in sidewalks it cannot create a condition or permit (and in effect direct) the laying of a pavement and then arbitrarily direct it to be taken up unless it is in a condition justifying such taking up or removal.

The defects pointed out by the city officials do not seem to exist, except such as have been mentioned as having been created by the city or its agencies. Whilst the power and discretion, to keep the streets in proper order must be largely lodged in the city officials and the Courts should be very slow in interfering with the same, yet there are cases in which the citizen has a right to invoke—the protection of the Courts to protect from the infliction of a wrong. The city should not, in dealing with a citizen take advantage of its own wrong.

For the reasons given I believe the injunction should be refused in so far as it takes away the right to compel the proper paving of the portion of Leadenhall and Race streets adjacent to the property of the plaintiffs and the injunction should be granted in so

far as it effects that portion of the Ostend street side of the plaintiffs' premises, which is now paved from curb to building line.

As the plaintiff has shown its right to the injunction the costs should be paid by the defendants.